UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT SWANN MUELLER, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03097-JSC<br><br>**SECTION 1915 SCREENING OF INITIAL COMPLAINT**<br><br>Re: Dkt. No. 1 |

Plaintiff Larry Richards, proceeding pro se and in forma pauperis, brings this civil action against 25 named defendants alleging violations of, among other things, the American Disability Act ("ADA"), 42 U.S.C. § 1983, and equal protection under the Fourteenth Amendment. (Dkt. No. 1.)[1] Mr. Richards also brings civil actions for fraud and conspiracy, and requests "criminal referral" for fraud. (*Id*. at 2.)

## BACKGROUND

### I.　Complaint Allegations

The complaint does not contain a plain statement of facts and allegations. Instead, Mr. Richards includes exhibits indicating that the gravamen of his complaint concerns the City and County of San Francisco Human Services Agency's ("the City") apparent termination of Mr. Richards' County Adult Assistance Program ("CAAP") benefits on July 31, 2017. (Dkt. No. 1 at 10-13.)

The complaint also includes an exhibit indicating an apparent challenge to a determination by the Social Security Administration (SSA) in March 1999 concerning Mr. Richards' request for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

reconsideration in either 1987 or 1988 of an SSA benefits determination. (*Id*. at 9.)

Another exhibit attached to the complaint shows that on June 7, 2017, the City issued Mr. Richards a "CAAP Warning – Act of Negligent Failure" notice for his apparent failure to attend a reinvestigation appointment scheduled for June 5, 2017. (Dkt. No. 1 at 13.) The notice states that Mr. Richards' failure to appear constituted his "2nd Act of Negligent Failure"; in handwriting on the form Mr. Richards appears to allege that the City's notice was actually his *first* negligent failure warning. (*Id*.) The City rescheduled Mr. Richards' reinvestigation appointment for June 19, 2017. (*Id*.) On June 20, 2017, the City issued Mr. Richards a "Discontinuance – 3rd Act of Negligent Failure" notice stating that the City would discontinue Mr. Richards' CAAP benefits on July 31, 2017 because he did not attend his reinvestigation appointment on June 19, 2017. (*Id*. at 12.) The June 20th notice informed Mr. Richards of steps he could take to retain his benefits. (*Id*.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally .

2

. . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

The Court has federal question jurisdiction over Plaintiff's purported ADA and civil rights claims and supplemental jurisdiction over Plaintiff's other claims.

**I.     ADA Claim**

"Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). To adequately plead a discrimination claim under Title II, a plaintiff must allege facts sufficient to plausibly establish that: (i) he is an individual with a disability; (ii) he is otherwise qualified to receive the benefit of some public entity's services; (iii) he was denied the public entity's services or was otherwise discriminated against; and (iv) such denial of services or discrimination was because of the plaintiff's disability. *Weinrich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Liberally construing the complaint in favor of Mr. Richards, his fax to the City dated July 28, 2017 states that he is "severely disabled." (See Dkt. No. 1 at 10.) Even assuming that Mr. Richards is "disabled" for purposes of Title II, however, Mr. Richards fails to plead that the City's discontinuance of his CAAP benefits was based on his disability. Because Mr. Richards fails to plausibly plead a claim for relief under Title II of the ADA, his claim fails section 1915 review.

**II.    SSA Claim**

As noted above, Mr. Richards is apparently challenging a determination by the Social Security Administration (SSA) in March 1999 concerning Mr. Richards' request for reconsideration in either 1987 or 1988 of an SSA benefits determination. Mr. Richards pleads no facts, however, in support of any such claim; instead, his complaint includes only an exhibit

1    suggesting that SSA misstated the date of Mr. Richards' request for reconsideration. (*See* Dkt.

2    No. 1 at 9.) With regard to the purported misstatement, Mr. Richards states:

> This date of "January 4, 1988" is an error on the face of the record! I do not have any request for reconsideration dated "January 4, 1988." Rather, the actual date of the request for reconsideration is dated "1/6/87"

(*Id*.) Mr. Richards fails to plead facts suggesting that this purported error affected any claim for Social Security benefits. Furthermore, although Mr. Richards names several SSA employees as defendants, none of his fourteen causes of action arise under the Social Security Act. Simply put, the Court cannot infer a plausible claim for relief under the Social Security Act based on Mr. Richards' complaint.

## III.   Civil Rights Claims

Mr. Richards brings causes of action based on disparate treatment in violation of the Fourteenth Amendment and civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986. Mr. Richards fails, however, to plead *any* facts in support of those claims. Furthermore, Mr. Richards' exhibits to his complaint do not give rise to a plausible inference that any of the 25 named defendants violated Mr. Richards' civil rights. In the absence of any factual allegations in support of his claims, Mr. Richards' civil rights claims fail section 1915 review.

## IV.   Fraud Claims

Causes of action grounded in fraud are subject to Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this heightened pleading standard, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id*. (internal quotation marks and citation omitted). In other words, when alleging fraudulent statements or omissions of material fact, a plaintiff must not only identify the statements or omissions, but also "set forth an explanation as to why the statement or omission complained of was false or misleading." *In re Rigel Pharm., Inc. Sec. Litig*., 697 F.3d 869, 876

(9th Cir. 2012). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally." Fed. R. Civ. P. 9(b).

To state a cause of action for fraud under California law, a plaintiff must allege: (1) a misrepresentation or omission of material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Gil v. Bank of America, Nat. Ass'n*, 138 Cal. App. 4th 1371, 1381 (Ct. App. 2006). Here, Mr. Richards fails to allege the elements of fraud with requisite particularity, or any particularity whatsoever. Mr. Richards' apparent allegations of fraud related to the City's discontinuance of his CAAP benefits are wholly conclusory and fail to identify any specific misrepresentations made by any individual defendants. Furthermore, to the extent Mr. Richards is alleging fraud based on the alleged misstatement by SSA regarding the date of his request for reconsideration, Mr. Richards fails to aver even generally knowledge of falsity or intent to defraud. Accordingly, Mr. Richards' fraud claims fail section 1915 review and his request for "criminal referral" based on fraud and conspiracy must also fail.

## CONCLUSION

For the reasons set forth above, Mr. Richards' complaint fails section 1915 review. Mr. Richards may file an amended complaint within 30 days; his amended complaint must include a plain statement of facts in support of each claim.

The Court encourages Mr. Richards to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Richards can make an appointment in person or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: August 2, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge